

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 13, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

(Overruled by O-604-A)

Dear Sir:

Opinion No. O-604
Re: Status of a County Superin-
tendent called into the
United States Army in time
of war, and method of pro-
viding for his successor

We are in receipt of your letter of April 7, 1939, wherein
you request our opinion in response to the following ques-
tions:

(1) If a county superintendent is an official,
and in this case a First Lieutenant in the Texas
National Guard, and war should be declared, calling
him into active service within three days, what
would be the exact procedure in the filling of his
office as county superintendent?

(2) Would this County Superintendent be given
a leave of absence officially, and if so, by whom?

(3) Would his office be filled by a body either
the Commissioners' Court or the County Board of Edu-
cation?

(4) If so, for how long?

(5) If the County Superintendent were in serv-
ice a year or eighteen months could he return to his off-
ice that he had vacated by reason of his being called
to war?

(6) Could he select his temporary successor?

Article 2355, Revised Civil Statutes, reads as follows:

"The Court shall have power to fill vacancies in the office of: County Judge, County Clerk, Sheriff, County Attorney, County Treasurer, County Surveyor, County Hide Inspector, Assessor Taxes, Collector of Taxes, Justices of the Peace, Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election."

Article 16, Section 12 of the Constitution of Texas reads as follows:

"No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

In the case of Lowe vs. State, 201 S. W. 986, a District Judge became an officer in the National Guard on the 19th day of July, 1917, and went on the payroll of the federal government as an officer in the military service August 4, 1917. We quote from the opinion of the court in that case, as follows:

"It is believed, however, that when a judge of one of the courts of the state becomes an officer in the United States army that the matter of vacancy is not controlled by section 17 of article 16 of the Constitution, but is controlled by section 12 of said article which provides, in substance, that no person holding or exercising any office of profit or trust under the United States shall be eligible to hold or exercise any office of profit or trust under this state. This conclusion is supported by the decision of the Supreme Court of this state in State vs. De Gress, 53 Tex. 400. Other cases bearing on the subject are Bishop vs. State, 149 Ind. 223, 48 N. E. 1038, 39 L. R. A. 278, 63 Am. St. Rep. 279; Oliver v. Jersey City, 63 N. J. Law, 104, 42 Atl. 784. See, also, notes in 83 Am. Dec. 375; 12 L. R. A. 125 ............

"Applying this view to the facts of the present case, it appears that on the date following the election of the special judge the regular judge vacated his office. Section 7 of Article 5 of the Constitution contains the

following provision:

'The Legislature shall also provide for the
holding of district court when the judge thereof
is absent, or is from any cause disabled or dis-
qualified from presiding.'"

Under Article 16, Section 12 of the State Constitution, as in-
terpreted by the Court of Criminal Appeals in Lowe vs. State,
supra, the office of County School Superintendent will become
automatically vacant, when the incumbent joins the United
States Army. The answer to your first question is found in
Article 2355, which provides that the vacancy shall be filled
by a majority vote of the members of said Court present at the
voting. "Said Court" refers to Commissioners' Court. Address-
ing ourselves to your second question, we must advise that once
the County Superintendent is in the United States Army, he is
away not on leave of absence from the County Superintendent's
office, but he will have vacated the same entirely. The answer
to your third question is that the Commissioners' Court would
be the body which would fill the vacancy. With reference to
your fourth question, as provided in Article 2355 the person
who might be chosen as his successor would hold his office until
the next general election after he was appointed to such office.
In answer to your fifth question, we must advise that when this
man should be discharged from the Army he could not return to
the office of County Superintendent, unless such office should
at that time become vacant, and he should be appointed or elect-
ed thereto. Your sixth question has already been answered. As
indicated above, the only body or person authorized to appoint
his successor would be the Commissioners' Court. He could not
select his own successor.

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/

Glenn R. Lewis
Assistant

GRL:go